JAMES M. HARBIN, JR., Petitioner-Appellant, v. LOCAL 744, International Brotherhood of Teamsters, *et al.*, Respondents-Appellees.

First District (1st Division)   No. 1—88—3488

Opinion filed March 6, 1990.—Rehearing denied June 28, 1990.

James M. Harbin, Jr., of Chicago, petitioner *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois State Labor Relations Board.

Asher, Gittler & Greenfield, Ltd., of Chicago (Marvin Gittler, Stephen B. Rubin and Anne Wells Clark, of counsel), for respondent Local 744, International Brotherhood of Teamsters.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

This is a direct appeal from a final administrative order in an action brought by James M. Harbin, Jr. (petitioner), before the Illinois State Labor Relations Board (the Board), alleging that Local 744 of the International Brotherhood of Teamsters (the Union) engaged in unfair labor practices within the meaning of section 10(b)(1) of the Illinois Public Labor Relations Act (the Act) (Ill. Rev. Stat. 1987, ch. 48, par. 1610(b)(1)). The Board affirmed the hearing officer's decision to dismiss petitioner's claim that the Union had breached its duty of fair representation in processing petitioner's grievance after petitioner was discharged from PACE South bus lines for destroying company property.

On appeal, this court allowed petitioner to adopt his briefs filed in the administrative proceeding. In these briefs, petitioner argued that the Union breached its duty of fair representation owed to him under the standard set forth in *Vaca v. Sipes* (1967), 386 U.S. 171, 17 L. Ed. 2d 842, 87 S. Ct. 903, when it rendered poor advice and failed to process his grievance beyond the second step of the grievance procedure for racial and discriminatory reasons. The hearing officer adopted the legal standard espoused by petitioner in reaching her decision, and the Board affirmed that ruling.

█ █ █ In reviewing petitioner's briefs, we are mindful that on administrative review of the Board's decision, all "findings [of fact] and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct" (Ill. Rev. Stat. 1987, ch. 110, par. 3—110) and that an administrative agency's factual findings will not be reversed unless contrary to the manifest weight of the evidence (*Service Employees International Local Union No. 316 v. Illinois Educational Labor Relations Board* (1987), 153 Ill. App. 3d 744, 753, 505 N.E.2d 418, 425). Under the scope of our limited review, petitioner's briefs raise no basis for reversing the Board's finding that the petitioner failed to prove the Union acted in a racially discriminatory or arbitrary manner in its representation of petitioner.

Although petitioner's briefs do not raise a basis for reversing the Board's decision on the merits of his claim, the briefs do raise a legal question as to whether the hearing officer erred in her interpretation of certain regulations and statutory provisions and the application of

the supreme court rules in connection with the enforcement of subpoenas in matters before the Board. Following the hearing officer's decision in the case, petitioner filed a motion to reopen the record, enforce four subpoenas and take further testimony on the basis that the hearing officer erred on the day of the hearing in refusing to seek judicial enforcement of the subpoenas and in denying petitioner's request for a continuance. The hearing officer declined to seek judicial enforcement of any of the four subpoenas as permitted under section 11(b) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 1611(b)), because she found that none of the four subpoenas were properly served despite two continuances for the purpose of effectuating proper service. The hearing officer found that two of the subpoenas were returnable with an incorrect hearing date, while two others had been served without witness fees.

Petitioner argued in his memorandum in support of his motion that statutory provisions and regulations did not require that a check for witness fees and mileage be instantaneously served on a witness when a witness is tendered a subpoena to testify at a Board hearing. Petitioner insisted that section 1200.90 of the Rules and Regulations of the Illinois Labor Relations Board (the Rules) (80 Ill. Adm. Code §1200 *et seq.* (1987 Supp.)) and section 47 of the Fee and Salaries Act (Ill. Rev. Stat. 1985, ch. 53, par. 65) require that witness fees and mileage be paid only after the witness submits an affidavit. The hearing officer found that these provisions were not intended to establish the prerequisites for judicial enforcement of subpoenas as permitted in section 11(b) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 1611(b)), but pertained only to the sum of the *per diem* and mileage to which a witness is entitled. Instead, the hearing officer found Supreme Court Rule 237 (107 Ill. 2d R. 237) to be the governing provision. Rule 237 provides that a court may compel witnesses to appear only if witness fees and mileage have been tendered.

After reviewing section 1200.90 of the Rules and section 47 of the Fee and Salaries Act, we find that the hearing officer did not err in finding these provisions pertain only to the sum of the *per diem* and mileage to which a witness is entitled. Petitioner, though, in his exception to the hearing officer's decision, argued that the hearing officer had no authority to apply Rule 237 to Board proceedings because the Act does not provide that Rule 237 is included as part of the Board's procedures. The basis of the hearing officer's ruling, however, was that the witnesses could not be compelled to appear *through the judicial enforcement procedure* allowed in section 11(b) of the Act. Because the supreme court rules govern the proceedings in the trial

court unless the procedure is regulated by a statute other than the Civil Practice Law (107 Ill. 2d R. 1), the hearing officer correctly held that the witnesses could not be compelled to appear unless the conditions in Rule 237 were satisfied.

■■ Finally, petitioner's briefs set forth no basis for holding that the hearing officer abused its discretion in denying petitioner's request for a continuance where petitioner was given at least two previous opportunities to effectuate proper service but failed to do so.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.